IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DAVID MEYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23CV58 |
| | ) | |
| USA | ) | |
| | ) | |
| Defendants. | ) | |

ORDER AND RECOMMENDATION

Plaintiff, a prisoner housed in the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983. The undersigned entered a Recommendation [Doc. #3] that it be dismissed without prejudice based on Plaintiff's failure to submit a proper *in forma pauperis* application. Plaintiff responded by submitting such an Application [Doc. #7] that also includes a Motion written on the top of the form seeking to consolidate this case with one of Plaintiff's other numerous cases. Given the submission of the completed Application, the Court will withdraw the prior Recommendation and consider the Application and the Complaint. So considered, the form of the Complaint is such that a serious flaw makes it impossible to further process the Complaint. The problem is:

1. Plaintiff seeks to proceed *in forma pauperis*, but pursuant to the Prison Litigation Reform Act, Plaintiff may no longer proceed *in forma pauperis* in this Court unless he is under imminent danger of serious physical injury. The Act provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As noted by United States Court of Appeals for the Fourth Circuit, Plaintiff has had three or more prior cases dismissed for being frivolous, malicious, or failing to state a claim upon which relief can be granted. Meyers v. Commissioner of Social Security Administration, 801 F. App'x 90, 91 (4th Cir. 2020). Therefore, he must pay the $402.00 filing fee unless he alleges facts demonstrating that he is under imminent danger of serious physical injury. Plaintiff uses the term imminent danger on his *in forma pauperis* application, but does not clearly include any allegations in the current Complaint sufficiently demonstrating imminent danger of serious physical injury. He instead he mostly raises claims unrelated to any danger or relates past events or to matters such as the collection of filing fees. Therefore, Plaintiff does not allege sufficient facts to overcome the three strikes bar.[1]

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms and accompanied by the $402.00 filing fee. If Plaintiff seeks to do so, he may seek the proper forms for filing a pro se complaint from the

---

[1] To any extent that the Complaint could be read to allege imminent danger due to ongoing events, it still fails because Plaintiff's claims are fantastic and delusional. He raises allegations against an array of defendants who are employees of, or entities associated with, the North Carolina Department of Public Safety. Overall, his allegations are rambling and conspiratorial, but his specific allegations are clearly delusional. For instance, he claims in his various filings that he has been beaten, stabbed, and sexually assaulted by guards, that he is beaten with batons, and that prison authorities are hiring the Russian military to kill him by bombing his cell with guided missiles so that they can falsely allege that he was killed by organized crime lords. These claims are clearly the product of paranoid fantasies and delusions. Plaintiff has filed dozens of cases in federal court over the years. He has been determined to be delusional in other cases after multi-day hearings and evaluations by medical professionals. See, e.g., Meyers v. Hall, Civil Action Nos. 7:19cv250, -406, -496, -558, and -605, 2020 WL 2316092, at *15 (Feb. 21, 2020), report and rec. adopted, 2020 WL 1482561 (W.D. Va. Mar. 27, 2020) (unpublished); Meyers v. Commissioner, Civil Case No. ELH-18-129, 2018 WL 4333748, at *1 (Sept. 11, 2018) (noting that professional evaluations in 2012 and 2013 found a "long history of paranoid delusions" and "a genuine history of psychosis."), report and rec. adopted, 2018 WL 50263768 (D. Md. Oct 17, 2018) (unpublished); see also Meyers v. Secretary of Health and Human Services, Case No. 1:22CV968, Recommendation (M.D.N.C. June 5, 2023) (detailing similar and additional recent allegations by Plaintiff). In the end, Plaintiff's allegations are delusional and, therefore, fail as frivolous. They should be dismissed for that reason to the extent that the Complaint could be read as alleging imminent danger of serious physical injury.

2

Clerk. Plaintiff's Motion seeking consolidation of this case with another should be denied in light of the recommendation that this case be dismissed.

Plaintiff has also filed a Motion for Discovery [Doc. #6]. However, the Court has recommended that this case be dismissed, and there is no basis for discovery in this case.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that the prior Recommendation [Doc. #3] is withdrawn and that in forma pauperis status is granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that the Motion for Discovery [Doc. #6] is DENIED.

IT IS RECOMMENDED that Plaintiff's Motion to Consolidate [Doc. #7] be denied and that this action dismissed sua sponte without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms and accompanied by the $402.00 filing fee.

This, the 19th day of July, 2023.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge